# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re: | Case No. 23-40198-MAR |
| CCI DRIVELINE, LLC, | Chapter 11 |
| Debtor. | Hon. Mark A. Randon |

_____/

## ERIC CAMERON'S MOTION FOR ABSTENTION AND REMAND

Eric Cameron files this Motion for Abstention and Remand ("Motion") seeking entry of an order, the form of which is attached as **Exhibit 1**, and in support of the Motion states as follows:

### INTRODUCTION

1. Eric Cameron, Michael Cameron, and Jamie Cameron are the Members of CCI Driveline, LLC and each hold a one third interest in CCI Driveline, LLC. A copy of CCI Driveline, LLC's Operating Agreement is attached as **Exhibit 2**.

2. In relevant part, on December 6, 2022, Eric Cameron filed a Demand for Arbitration with the American Arbitration Association, Case Numbers 01-22-0005-1143 (arbitration) and 02-22-0005-1143 (mediation) (together, the "AAA Cases"), which principally asserts claims against Michael Cameron and Jamie Cameron for breach of CCI Driveline, LLC's Operating Agreement, membership

oppression under MCL 450.4515, and for declaratory relief.[1]

3. CCI Driveline, LLC is a named respondent in the AAA Cases, but based upon the information known to Eric Cameron, CCI Driveline, LLC is a tangential party to the case.

4. CCI Driveline, LLC's Operating Agreement includes an arbitration provision requiring all disputes arising out of or relating to the Operating Agreement, aside from interim or provisional relief, to be submitted to arbitration, and states as follows:

> Any dispute under this Agreement will be submitted to final, exclusive, and binding arbitration. The hearings will be conducted in accordance with the expedited commercial arbitration rules of the American Arbitration Association then in effect in Southfield, Michigan. Entry of Judgment on such an award may be made in any court of competent jurisdiction.

**Ex. 2 – CCI Operating Agreement at § 9.8.**

5. After a failed attempt to have the AAA Cases dismissed, Michael Cameron, Jamie Cameron, and CCI Driveline, LLC apparently think bankruptcy is the solution.

6. On January 10, 2023, counsel for Michael Cameron, Jamie Cameron, and CCI Driveline, LLC filed a Notice of Filing of Chapter 11 Bankruptcy and a Notice of Removal in the AAA Cases, which is the first time that Eric Cameron was notified of CCI Driveline, LLC's filing and CCI Driveline, LLC's intent to file

---

[1] Which have only been bolstered by the unauthorized filing of this bankruptcy case.

bankruptcy.

## ARGUMENT

7. Here, 28 U.S.C 1334(c)(2) requires mandatory abstention. Mandatory abstention principles address circumstances under which a bankruptcy court is required to decline the exercise of subject matter jurisdiction over a dispute, notwithstanding its existence under Section 1334(b). The mandatory abstention rule is set forth in Section 1334(c)(2), which provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

8. Thus, upon a timely motion, a district court must abstain from hearing state law claims when: (1) the claims have no independent basis for federal jurisdiction other than Section 1334(b); (2) the claims are non-core; (3) an action has been commenced in state court; and (4) the action can be timely adjudicated in state court. *Baum v. Baum (In re Baum)*, 638 B.R. 748 (Bankr. E.D. Mich. 2022) Because all of the elements for mandatory abstention are satisfied in this case, this Court should abstain and remand the AAA Cases.

9. *First,* Eric Cameron's Motion is timely. Eric Cameron has filed this Motion as soon as reasonably possible after, and within 30 days of, the operative Notice of Removal. *Id.; see also* 28 U.S.C. 1447(c) (setting forth general thirty-day

deadline for motions to remand).

10. *Second,* the claims in the AAA Cases have no independent basis for federal jurisdiction: the matter was filed with the American Arbitration Association pursuant to the Operating Agreement, raises only state law issues, and could not have been filed in federal court. This is demonstrated by the Notice of Removal, which asserts only that jurisdiction is proper under 28 U.S.C. 1334. No other basis for subject matter jurisdiction was pled, and none exists.

11. *Third,* the claims in the AAA Cases are non-core. The state law claims asserted therein do not "arise under" or "arise in" a case under Title 11. This is also demonstrated by the Notice of Removal, which appears to acknowledge that the AAA Cases are non-core proceedings.

12. *Fourth,* the AAA Cases are already pending with the American Arbitration Association and there are no known circumstances to suggest that the AAA Cases will not be timely adjudicated.

13. Because each of the mandatory abstention elements are met here, this Court must abstain from hearing the removed AAA Cases in favor of the underlying claims being resolved by the American Arbitration Association.

14. If the Court was to find that the elements of mandatory abstention are not met despite the facts set forth above, the Court should exercise its discretion to abstain from hearing the AAA Cases. In addition to the mandatory abstention provisions discussed above, 28 U.S.C. 1334(c)(1) also provides that:

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

15. Alternatively, a court may equitably remand the AAA Cases, as permitted by 28 U.S.C. 1452(b). This provision provides, in part: "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. 1452(b).

16. On January 11, 2023, Eric Cameron's counsel sought concurrence in the relief sought in this Motion. Michael Cameron's, Jamie Cameron's, and CCI Driveline, LLC's counsel (Mr. Kalish) has not responded to such request.

## CONCLUSION

17. For the forgoing reasons, Eric Cameron requests that the Court abstain from hearing the AAA Cases and remand them back to the American Arbitration Association where they were originally filed.

**BODMAN PLC**

Dated: January 12, 2023

By: /s/ Noel J. Ravenscroft
    Ralph E. McDowell (P39235)
    Noel J. Ravenscroft (P77729)
Attorneys for Eric Cameron
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
Phone: (313) 259-7777
Email: nravenscroft@bodmanlaw.com