UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:　　　　　　　　　　　　　　　　　　　　　　　Case Number: 23-40198-mar

**CCI Driveline, L.L.C.,**　　　　　　　　　　　　　　Chapter 11 – Subchapter V

　　Debtor.　　　　　　　　　　　　　　　　　　　　Hon. Mark A. Randon
_____/

## UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE

Andrew R. Vara, United States Trustee, states as follows:

**Preliminary Statement**

The debtor filed this bankruptcy case for the sole purpose of avoiding arbitration with its only antagonistic creditor. It never had a desire to reorganize its business, settle its debts, or confirm a plan. This Court has now sent the only dispute back to arbitration. Rather than concede the bankruptcy case is over, the Debtor wants to remain in bankruptcy, despite having proposed a plan that is legally unconfirmable. The Debtor has no legitimate reason to remain in Bankruptcy and seeks nothing but delay in Bankruptcy Court.

　　1.　　This Motion is brought under 11 U.S.C. § 1112(b) to dismiss this case. A proposed Order is attached.

**Background**

　　2.　　The Debtor filed this Chapter 11 case on January 10, 2023.

3. The Debtor is a family-owned manufacturer of custom driveshafts and driveline parts.

4. The company was formed in 1986 by Mike Cameron. In 2017, a new operating agreement was executed between Mike Cameron and his two sons, Eric and Jamie, with each receiving a one-third interest in CCI Driveline, Inc.

5. In October 2021, Eric Cameron took a new, full-time position as a union utility lineman.

6. Eric Cameron filed a demand for arbitration in December 2022, alleging a breach of the operating agreement.

7. This bankruptcy case was filed solely to avoid arbitration.

8. On March 20, 2023, the Court granted Eric Cameron's motion for abstention and remanded the arbitration matter to the American Arbitration Association (Docket No. 51).

9. The Debtor's primary reason for filing the case, avoiding arbitration with Eric Cameron, has been stymied.

**The Plan**

10. The Debtor filed a Plan of Reorganization on March 18, 2023 (Docket No. 48).

11. The Debtor plans to continue operating.

12. The Debtor shows yearly projected disposable income of $62,464.11 (Docket No. 48, Exhibit C).

13. The Debtor proposes to pay Eric Cameron a total of $13,000.00 over three years.

14. The Debtor's Schedule E/F valued Eric Cameron's claim at $75,000. Eric Cameron's arbitration demand was $299,000.00.

15. The Debtor proposes to pay other unsecured creditors in full. The Debtor scheduled approximately $120,000.00 in unsecured debt. The Debtor scheduled $120,000.00 to an insider, Suzanne Cameron, and $149.00 to another creditor. The Debtor is proposing to treat similarly situated creditor differently.

16. The Debtor proposed a Plan it knows cannot be confirmed.

17. The Debtor needs the cooperation of Eric Cameron to confirm the Plan. Yet, the Debtor has offered to pay Eric Cameron less than 1% of what Eric Cameron believes his claim is worth, and less than 25% of the value of the *Debtor's* scheduled claim.

18. The Debtor's Plan does not even propose to pay all its projected disposable income into the Plan.

19. The Plan was proposed in bad faith.

**Dismissal**

20. A chapter 11 bankruptcy shall be dismissed or converted under the provisions of 11 U.S.C. §1112(b)(1), for cause, whichever is in the best interest of creditors and the estate.

21. Courts have discretion in determining what constitutes cause under Section 1112(b) and are not limited to the factors set forth in the statute. *In re YBA Nineteen, LLC* 505 B.R. 289 (S.D. Cal. 2014).

22. The 6th Circuit Bankruptcy Appellate Panel summarized a bankruptcy court's discretion in *In re Creekside Sr. Apartments, L.P.*, 489 B.R. 51 (B.A.P. 6th Cir. 2013).

> In determining whether cause exists to dismiss a case under § 1112(b), a court must engage in a "case-specific" factual inquiry which "focus[es] on the circumstances of each debtor." *United Savs. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd. (In re Timbers of Inwood Forest Assocs., Ltd.),* 808 F.2d 363, 371–72 (5th Cir.1987) (en banc), *aff'd,* 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988); *In re Great Am. Pyramid Joint Venture,* 144 B.R. 780, 791 (Bankr.W.D.Tenn.1992). The party seeking dismissal carries the burden of proof and must satisfy that burden by a preponderance of the evidence. *See Loop Corp. v. U.S. Tr. (In re Loop Corp.),* 379 F.3d 511, 517–18 (8th Cir.2004) (citing *In re Woodbrook Assocs.,* 19 F.3d 312, 317 (7th Cir.1994)). A "bankruptcy court has broad discretion to dismiss a Chapter 11 case under 11 U.S.C. § 1112(b)." *AMC Mortg. Co. v. Tenn. Dep't of Revenue (In re AMC Mortg. Co.),* 213 F.3d 917, 920 (6th Cir.2000). "Accordingly, the decision to dismiss the case will be upheld unless it was an abuse of discretion, defined as 'a definite and clear conviction that the trial court committed a clear error of judgment.'" *Id.* (quoting *Bowling v. Pfizer, Inc.,* 102 F.3d 777, 780 (6th Cir.1996)).
> 
> *Id.* at 60.

## *Bad Faith*

23. A court may dismiss a Chapter 11 case "for cause" upon a finding of bad faith. *See In re Lady Bug Corp.*, 500 B.R. 556, 562 (Bankr. E.D. Tenn. 2013), citing *Laguna Assocs. Ltd. v. Aetna Cas. Sur. Co. (In re Laguna Assocs. Ltd.),* 30 F.3d 734, 737–38 (6th Cir.1994).

24. Bad faith is determined on a case-by-case basis. *In re Laguna Associates,* 30 F.3d at 737. The Court must look at the totality of the circumstances. *Id*. at 738.

25. The Laguna Court looked at a series of factors to determine if the Debtor was acting in good faith:

> a. the debtor has one asset;
> b. the pre-petition conduct of the debtor has been improper;
> c. there are only a few unsecured creditors;
> d. the debtor's property has been posted for foreclosure, and the debtor has been unsuccessful in defending against the foreclosure in state court;
> e. the debtor and one creditor have proceeded to a standstill in state court litigation, and the debtor has lost or has been required to post a bond which it cannot afford;
> f. the filing of the petition effectively allows the debtor to evade court orders;
> g. the debtor has no ongoing business or employees; and
> h. the lack of possibility of reorganization.
>
> *In re Trident Associates Ltd. Partnership*, 52 F.3d 127, 131 (6th Cir. 1995), citing *In re Laguna Associates,* 30 F.3d at 738.

26. Here, the factors weigh against the Debtor.

27. The Debtor filed bankruptcy because of a single creditor – Eric Cameron.

28. The Debtor filed bankruptcy to stop a decision about the value of Eric Cameron's interest in the Debtor in arbitration. The Court has now remanded the matter to the American Arbitration Association, so the primary reason for the bankruptcy no longer exists.

29. There was no other purpose for filing. The Debtor does not have other non-insider unsecured debt to reorganize and there is no secured debt.

30. The factor weighing most heavily against the Debtor is the lack of a possibility of reorganization. The Debtor cannot reorganize because it cannot confirm a plan. The Debtor is not even trying.

31. The Plan will not be confirmed under 11 U.S.C § 1191(a) because Eric Cameron will not agree to the Plan terms. Therefore, the Court would have to find that the plan is fair and equitable and does not discriminate unfairly. 11 U.S.C § 1191(b).

32. To be fair and equitable, the Code requires the Debtor pay creditors, at a minimum, its projected disposable income over three years. 11 U.S.C § 1191(c)(2)(B).

33. The Debtor is not proposing to pay its projected disposable income into the Plan, and thus, the Plan is not fair and equitable. The Plan cannot be confirmed.

6

23-40198-mar    Doc 54    Filed 03/31/23    Entered 03/31/23 09:29:11    Page 6 of 12

34. The claims of Eric Cameron and Suzanne Cameron, both unsecured creditors, are being treated differently.

35. Eric Cameron is only being paid a portion of his scheduled claim over three years while Suzanne Cameron is being paid in full, within sixty days of the effective date of the Plan.[1]

36. Thus, the Plan discriminates unfairly against similarly situate creditors. The Plan cannot be confirmed.

37. There is no possibility of reorganization and no remaining purpose to be in bankruptcy, and the Court should dismiss the case.

## Monthly Operating Reports

38. The Debtor has not complied with the Operating Instructions of the United States Trustee.

39. Specifically, the Debtor has not filed Monthly Operating Reports for February or March.

40. Without the operating reports it is impossible to determine the financial viability of the Debtor.

41. The Debtor is required to file monthly operating reports. 11 U.S.C. §§ 1187 and 1116; Fed.R.Bankr.P. 2015(a)(6).

---

[1] Monthly operating reports have not been filed, so it is impossible to verify if the plan is feasible, and whether it is possible for the Debtor to pay the insider claim of Suzanne Cameron in full within sixty days of the effective date of the Plan.

42. Cause exists to dismiss the case because of the Debtor's failure to file monthly operating reports. 11 U.S.C. §1112(b)(4)(F).

43. Dismissal is in the best interest of the estate.

**WHEREFORE,** the United States Trustee requests that this Court enter an order under 11 U.S.C. § 1112(b) dismissing this case.

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
Regions 3 and 9

By: /s/ Kelley Callard
Trial Attorney
Office of the U.S. Trustee
211 West Fort St - Suite 700
Detroit, Michigan 48226
(313) 226-6773
Kelley.Callard@usdoj.gov
[P68537]

Dated: March 31, 2023

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case Number: 23-40198-mar

**CCI Driveline, L.L.C.,**  Chapter 11 – Subchapter V

   Debtor.  Hon. Mark A. Randon
_____/

**ORDER DISMISSING CASE**

**THIS MATTER** came before the Court upon the Motion of the U.S. Trustee to dismiss this case. Notice was properly served upon the Debtor and no response was timely filed or served upon the U.S. Trustee. The Court is otherwise fully advised in the premises,

**NOW, THEREFORE,**

**IT IS ORDERED** that the case is **DISMISSED**.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:   Case Number: 23-40198-mar

**CCI Driveline, L.L.C.,**   Chapter 11 – Subchapter V

Debtor.   Hon. Mark A. Randon
_____/

**NOTICE OF MOTION TO DISMISS CASE**

The United States Trustee has filed papers with the court to dismiss this proceeding.

**<u>Your rights may be affected</u>.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you not have an attorney, you may wish to consult one.).

If you do not want the court to dismiss the case, or if you want the court to consider your views on the motion, **within 21 days**, you or your attorney must:

1. File with the court a written response or an answer, explaining your position at:[1]

U.S. Bankruptcy Court
211 West Fort Street, Suite 1700
Detroit, MI 48226

If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

You must also mail a copy to:   Kelley Callard
Office of the United States Trustee
211 West Fort Street, Suite 700
Detroit, MI 48226

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
Regions 3 and 9

By   /s/ Kelley Callard
Trial Attorney [P68537]
Office of the U.S. Trustee
211 West Fort St - Suite 700
Detroit, Michigan 48226
(313) 226-6773
Kelley.Callard@usdoj.gov

Dated: March 31, 2023

---

[1] Response or answer must comply with F.R.Civ.P. 8(b), (c) and (e)

UNITED STATES BANKRUPTCY COURT
Eastern District of Michigan Detroit

In re:
    CCI Driveline, LLC,
        Debtor(s).

Case No.: 23-40198
Chapter: 11

## **DECLARATION OF MAILING**

On March 31, 2023, I requested service of the document(s) described below ("Documents Served") by utilizing the services of BMC Group, Inc., an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office. The service order requested that Documents Served be delivered to the party(s) listed and by mode(s) of service indicated on Exhibit A. A separate certificate of service will be provided by BMC Group, Inc.

United States Trustee's Motion to Dismiss Case, Notice of Motion

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.
March 31, 2023

/S/ Kelley Callard
Kelley Callard Bar Number: [P68537]
211 West Fort Street
Suite 700
Detroit, MI 48226
Kelley.Callard@usdoj.gov
(313) 226-6773

**Exhibit A**
**CCI Driveline, LLC 23-40198**
### Exhibit A - Certificate of Service

| List ID | Name and Address of Served Party | Mode of Service |
|---|---|---|
| 7725 | CCI Driveline, LLC , 9568 Marine City Hwy, Casco, MI, 48064-4109, United States of America | **First Class** |
| 7725 | Charles M. Mouranie , CMM & Associates, 43313 Woodward Ave # 1189, Bloomfield Hills, MI, 48302-5007 | **First Class** |
| 7725 | Eric Cameron , 6217 Broadbridge Rd., Cottreville, MI, 48039-2604 | **First Class** |
| 7725 | Jay S. Kalish , 2000 Town Center, Suite 1900, Southfield, MI, 48075-1152 | **First Class** |
| 7725 | Quill / Tom Riggleman , 7 Technology Circle, Columbia, SC, 29203-9591, United States of America | **First Class** |
| 7725 | Suzanne Cameron , 8556 Anchor Bay, Clay, MI, 48001-3507 | **First Class** |
| 7725 | Uline , 12575 Uline Drive, Pleasant Prairie, WI, 53158-3686, United States of America | **First Class** |